UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CLARENCE PEARL,

          Petitioner,

                                      **OPINION & ORDER**
                                      **CV-05-1769**

-against-


CARL HUNT, SUPERINTENDENT,

          Respondent..
------------------------------------------------------------X
FEUERSTEIN, J.

On April 2, 2003, a judgment of conviction was entered in the County Court of the State of New York, Nassau County (Brown, J.), upon the guilty plea of Clarence Pearl (petitioner) to attempted burglary in the third degree (N.Y. Penal Law §§ 110.00/140.20), a class E felony. Petitioner now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth herein, the petition is denied and the proceeding is dismissed.

I.    BACKGROUND

    A.    Factual Background

The following facts were taken from the transcripts of petitioner's guilty plea allocution, and sentencing:

In the morning of October 7, 2002, before the opening of business, petitioner, a former employee, forced open the rear door of Oceanside Industrial Industries (Oceanside), intending to

steal from his former employer. (Plea Allocution [P.], 10-11). Once inside, petitioner used a screwdriver to pry open a vending machine in the company cafeteria and removed fifty dollars ($50) in coins. (Crime Report - PDCN 85ASJ - 202CR0080376, Nassau County Police Dept.). The petitioner's activities inside the building were recorded on a videotape. (Id.).

During the plea allocution, petitioner admitted that on March 11, 1999, he had been convicted of burglary in the third degree, in violation of Section 140.20 of N.Y. Penal Law, a class D felony. (P. 12-13). In addition, petitioner admitted to a parole violation. (P. 7-8).

The court advised petitioner that the maximum term of imprisonment for third-degree burglary, the crime with which he was charged, was seven years, while the maximum term of imprisonment for attempted burglary, the crime to which he agreed to plead guilty, was four years. (P. 8). The court also inquired as to petitioner's discussions with his attorney about the guilty plea and his satisfaction with counsel's representation. (P. 5-6).

Prior to sentencing, petitioner admitted that he had committed the crime with which he was charged, but, nevertheless, asked the District Attorney to consider reducing the charges to a misdemeanor so that he could be sentenced to house arrest or community service. (Exhibit 2 of Respondent's Affidavit and Memorandum of Law).

B.  Procedural Background

On April 2, 2003, a judgment of conviction was entered in the County Court, Nassau County (Brown, J.), upon petitioner's plea of guilty to attempted burglary in the third degree and imposition of sentence of an indeterminate term of imprisonment of one and a half to three years and restitution to Oceanside of $227.25.

Plaintiff did not file an appeal of the judgment of conviction within the thirty-day period prescribed by N.Y. C.P.L. §460.10(a). On January 7, 2004, petitioner filed a motion with the Supreme Court of the State of New York, Appellate Division, Second Department, requesting, inter alia, an extension of time to file an appeal from the judgment of conviction. By order dated February 27, 2004, the Appellate Division granted petitioner's request for the extension of time to take an appeal and deemed plaintiff's notice to be a timely filed notice of appeal. Petitioner did not take any additional steps to perfect his appeal.

On January 20, 2004, petitioner moved pursuant to N.Y. C.P.L. §440.10 to vacate the judgment of conviction, claiming that he had been denied the effective assistance of counsel who had failed to move for suppression of a statement which petitioner had made to the police.

By order dated November 9, 2004, the trial court denied petitioner's motion on the grounds, inter alia, (1) that the plea minutes showed that petitioner had pleaded guilty knowingly, intelligently and voluntarily; (2) that petitioner had stated, under oath, that he had had sufficient time to discuss the plea with counsel; and (3) that he was satisfied with his attorney's representation.

Subsequently, petitioner filed a motion in the Appellate Division, Second Department, for leave to appeal the denial of his motion to vacate the judgment of conviction. By order dated March 18, 2005, the Appellate Division (Luciano, J.) denied the motion without opinion.

On April 6, 2005, petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging (1) that the conviction was obtained through the use of a coerced statement in violation of his <u>Miranda</u> rights; (2) that the conviction was based upon evidence obtained pursuant to an unlawful arrest; (3) that the conviction was obtained in violation of the

Fifth Amendment right against self-incrimination; and (4) that he was denied the effective assistance of counsel, and, therefore, his guilty plea was rendered involuntarily.

II. DISCUSSION

A. The AEDPA

The Anti Terrorism and Effective Death Penalty Act (AEDPA) 28 U.S.C. § 2254 governs applications of incarcerated state court defendants seeking federal habeas corpus relief.

B. Exhaustion

The AEDPA requires that prior to bringing a petition for habeas corpus relief in federal court, a petitioner "exhaust the remedies available in state court or demonstrate that 'there is an absence of available State corrective process [or] [that] circumstances exist that render such process ineffective to protect the rights of the [petitioner].'" Fama v. Commissioner of Correctional Services, 235 F.3d 804, 808 (2d Cir.2000)(citation omitted, insertion in original). The exhaustion requirement mandates that the petitioner "fairly present" both the factual and legal premises of his federal claim to the highest state court. Baldwin v. Reese, 541 U.S. 27, 124 S.Ct. 1347, 158 L.Ed. 2d 64 (2004); see also Jones v. Keane, 329 F.3d 290, 294-295 (2d Cir. 2003). In cases involving petitions containing both exhausted and unexhausted claims, a federal district court may (1) stay the proceeding until such time as the petitioner has returned to state court and exhausted his previously unexhausted claims; (2) dismiss the "mixed" petition, without prejudice, until the claims have been exhausted in state court, unless the claims could not be raised following exhaustion pursuant to the one year statute of limitations prescribed by the

AEDPA; (3) give the petitioner an opportunity to withdraw the unexhausted claim or claims; or (4) deny the petition on the merits. Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 1533-1535, 161 L.Ed.2d 440 (2005); Gandarilla v. Artuz, 322 F.3d 182, 186 (2d Cir. 2003).

Unexhausted claims should be dismissed unless there is no longer a state forum available to a petitioner to present his constitutional claim, in which case the federal court shall deem the claim exhausted and deny the claim as if the state court had considered but denied the claim on the basis of a state procedural rule which the petitioner had failed to follow. Coleman v. Thompson, 501 U.S. 727, 111 S.Ct. 2546, 115 L.Ed.2d 604 (1991); Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994). A federal court may address the merits of such a claim "only upon a showing of cause for the default and prejudice to the petitioner." Bossett, 41 F.3d at 829 (quoting Wainwright v. Sykes, 433 U.S. 72, 87, 53 L.Ed. 2d 594, 97 S. Ct. 2497 [1977].)

Petitioner's first three claims are not exhausted because he failed to raise them on direct appeal. Since there is no longer a state forum in which plaintiff can raise those claims, and he has failed to demonstrate either cause for his failure to follow state procedural rules or prejudice which could result from a failure to review those claims, the claims are dismissed as if they had been exhausted but denied by the state courts on procedural grounds. See Bossett, 41 F.3d at 828-829.

However, plaintiff's claim of ineffective assistance of trial counsel was raised on collateral review of his conviction in state court, and leave to appeal was denied. Since plaintiff fairly presented his ineffective assistance of counsel claim to the highest state court available, that claim is exhausted and subject to habeas review.

C. Standard of Review

Under the AEDPA, a federal court may grant a writ of habeas corpus to a state prisoner on a claim that was "adjudicated on the merits" in state court only if it concludes that the adjudication of the claim

> ". . .(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d).

An "adjudication on the merits" is a "substantive, rather than a procedural resolution of a federal claim." Sellan v. Kuhlman, 261 F.3d 303, 313 (2d Cir. 2001) (quoting Aycox v. Lytle, 196 F. 3d 1174, 1178 [10th Cir. 1999]) Under the "contrary to" clause, "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Under the "unreasonable application" standard, "a federal habeas court may not issue the writ simply because [it] concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Gilchrist v. O'Keefe, 260 F.3d 87, 93 (2d Cir. 2001). Under the AEDPA, determination of factual issues made by a state court "shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

6

D.  The Exhausted Claim: Ineffective Assistance of Counsel

In order to prevail on a Sixth Amendment ineffective assistance of counsel claim, a petitioner must prove both that counsel's representation "fell below an objective standard of reasonableness" measured under "prevailing professional norms," and that "there is a reasonable probability that, but for counsel's professional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694, 80 L.Ed. 2d 674, 104 S.Ct. 2052 (1984).

Petitioner claims that, but for the ineffective assistance of counsel, he would not have pled guilty, and that he therefore did not knowingly and voluntarily enter that plea. Petitioner presented this claim to the trial court on his motion to vacate his judgment of conviction, which found (1) that petitioner's plea was knowingly, voluntarily and intelligently made; and (2) that defendant indicated during the plea that he knew that he was giving up certain constitutional rights, that he was satisfied with his attorney's representation, that he waived his right to appeal, and that he had had sufficient time to speak with his attorney prior to the plea. The trial court's decision is not contrary to clearly established federal law, nor did it involve an unreasonable application of Supreme Court precedent.

In his allocution, petitioner stated: (1) that he had had adequate time to discuss the plea with his attorney (P. 5); (2) that <u>he was satisfied with the manner in which the attorney represented him</u> (P. 5); and (3) that he understood each of the constitutional rights he was giving up by pleading guilty rather than going to trial, including the right to appeal, which petitioner waived. (P. 5-7). Petitioner has failed to demonstrate that his counsel's performance "fell below an objective standard of reasonableness" measured under "prevailing professional norms," and

7

that "there is a reasonable probability that, but for counsel's professional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 686, 688. Moreover, petitioner's counsel negotiated with the District Attorney's office for a lower sentence based on the crime of "attempted burglary," rather than the burglary with which petitioner was originally charged. (P. 8).

Furthermore, assuming, *arguendo*, that petitioner's counsel's assistance had been ineffective, petitioner would still have to overcome the fact that he previously pleaded guilty. Dunham v. Travis, 313 F.3d 724, 729 (2d Cir. 2002). Petitioner's sworn testimony in court admitting to the crime and stating that he was entering the guilty plea knowingly and voluntarily (P. 5-6) and his handwritten admission to the Assistant District Attorney in his pre-sentencing plea for a lesser charge (Exhibit 2 to Respondent's Affidavit and Memorandum of Law) belie petitioner's belated claim of innocence. Therefore, his claim of ineffective assistance of counsel is without merit.

III. CONCLUSION

Petitioner's petition for a writ of habeas corpus is denied and the proceeding is dismissed in its entirety. Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(a)(2) a certificate of appealability is denied, as petitioner has not made a substantial showing of a denial of a constitutional right. Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct.

1029, 154 L.Ed.2d 931 (2003). Petitioner has a right to seek a certificate of appealability from the Court of Appeals for the Second Circuit. See 28 U.S.C. §2253.

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: May 17, 2006
Central Islip, New York

Copies to:

Clarence Pearl, *pro se*
03R2179
Hudson Correctional Facility
P.O. Box 576
Hudson, New York 12534-0576


Nassau County District Attorney
262 Old Country Road
Mineola, NY 11501